**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANDRE WILSON,

                                        Plaintiff,

            - v -                                                Civ. No. 9:06-CV-528
                                                                        (NAM/RFT)

PAROLE OFFICER BROCK;
NEW YORK STATE DIVISION OF PAROLE,

                                        Defendants.

**APPEARANCES:**                                        **OF COUNSEL:**

ANDRE WILSON
Plaintiff, *Pro Se*
01-B-0799
Great Meadow Correctional Facility[1]
Box 51
Comstock, N.Y. 12821

HON. ANDREW M. CUOMO                        STEPHEN M. KERWIN, ESQ.
Attorney General for the State of New York        Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, N.Y. 12207

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

                        <u>**REPORT-RECOMMENDATION and ORDER**</u>

            *Pro se* Plaintiff Andre Wilson brings this civil rights action, pursuant to 42 U.S.C. § 1983,

alleging that Defendant Parole Officer Brock improperly threatened to revoke Plaintiff's parole,

violated Plaintiff's privacy rights by divulging the fact that he had participated in an in-patient

---

[1] Despite the incorrect address noted on the Docket, an inmate search on the New York State Department of Correctional Services website revealed Plaintiff's current location at Great Meadow Correctional Facility.  Information *available at*  http://www.docs.state.ny.us.  Plaintiff is reminded of his ongoing obligation to keep the Court and his adversaries apprised of his current address.  N.D.N.Y.L.R. 10(c)(2).

drug/alcohol treatment program to third parties, and defamed Plaintiff by telling third parties that

he was a sexual pervert and was kicked out of the drug/alcohol program because he performed lewd

acts. Dkt. No. 1, Compl. at ¶¶ 6-7. Also, Plaintiff asserts that Defendant New York Division of

Parole was aware of the problems he was having with Brock, and failed to assign him to a different

parole officer or otherwise take appropriate action to remedy the situation. *Id*.

Defendants now bring a Motion for Summary Judgment pursuant to FED. R. CIV. P. 56, (Dkt.

No. 17), to which Plaintiff has not responded. The original deadline for Plaintiff's response was

March 10, 2008. Dkt. No. 17. However, by Order dated April 11, 2008, this Court extended

Plaintiff's time to respond to Defendants' Motion until May 19, 2008, and specifically warned him

that "**failure to oppose Defendants' Motion will result in this Court accepting the facts set forth**

**by Defendants as true**." Dkt. No. 18, Order dated Apr. 11, 2008 (emphasis in original) (citing

N.D.N.Y.L.R. 7.1(a)(3) ("<u>Any facts set forth in the Statement of Material Facts shall be deemed

admitted unless specifically controverted by the opposing party.</u>") (emphasis in original)). Because

Plaintiff has failed to respond, we accept as true the facts plead in Defendants' Statement of Facts

submitted pursuant to Local Rule 7.1.

## I. FACTS

Plaintiff was paroled from the New York State Department of Correctional Services on or

about July 18, 2005, at which time he was assigned to Defendant Brock for parole supervision. Dkt.

No. 17, Defs.' 7.1 Statement, at ¶¶ 1-2. As a condition of his parole, Plaintiff was enrolled in an in-

patient drug and alcohol treatment program. *Id*. at ¶ 3. He was subsequently discharged from that

program for fraternizing with a female co-resident. *Id.* at ¶ 4. Understanding that his unsuccessful

completion of that program would constitute a violation of his parole, Plaintiff fled. *Id.* at ¶ 5;

Compl. at ¶ 6.  Brock filed a Violation of Release Report on November 14, 2005, indicating that Plaintiff had failed to make an office report, failed to cooperate with clinical staff at the Fairview Recovery Addiction Crisis Center, and never reported to or contacted his parole officer after failing to check-in to the YMCA where a bed was held for him.  Defs.' 7.1 Statement at ¶ 10; Dkt. No. 17, Defs.' Mot. for Summ. J., Terrence X. Tracy Decl., dated Jan. 24, 2008, Ex. C, Violation of Release Rep., dated Nov. 14, 2005.  The Division of Parole issued a Parole Violation Warrant on November 18, 2005, and Plaintiff was arrested by the New York State Police on November 25, 2005.  Defs.' 7.1 Statement at ¶ 11.

On December 8, 2005, Plaintiff was served with a Notice of Violation; he waived his right to a preliminary parole revocation hearing.  *Id*. at ¶ 12.  On December 14, 2005, Plaintiff was formally declared delinquent as of September 6, 2005.  *Id*. at ¶ 13.  Plaintiff commenced the instant lawsuit on May 1, 2006.

Plaintiff's Final Parole Revocation Hearing was held on May 5, 2006, where he pled guilty to one of the charges against him and was sentenced to twelve (12) months delinquent time.  *Id.* at ¶¶ 14-25.  Plaintiff subsequently filed a Notice of Appeal on May 30, 2005, though he never perfected that appeal by filing a petition with the Appeals Unit.  *Id.* at ¶ 17; N.Y. COMP. CODES R. & REGS. tit. 9 § 8006.2(a) & (b) ("An appeal is perfected by the filing [of a written appeal] with the appeals unit . . . [that] shall explain the basis for the appeal.").

 Plaintiff was returned to DOCS custody on or about June 15, 2006, to serve the aforementioned delinquent time assessment, where he remained until his re-release on December 6, 2006.  Defs.' 7.1 Statement at ¶ 18.  Thereafter, Plaintiff was again charged with violating parole, and, after pleading guilty at a Final Revocation Hearing on January 31, 2007, his release status was

revoked and he was restored to a ninety (90) day program at the Willard Drug Treatment Campus, located in Seneca Falls, New York. *Id*. at ¶¶ 20-23. After completing the program Plaintiff was released on May 29, 2007, only to be yet again retaken for violating parole. *Id*. at ¶¶ 24-26. Plaintiff subsequently pleaded guilty to violating parole and was sentenced to fifteen (15) months incarceration on October 10, 2007. *Id*. Plaintiff is currently incarcerated at Great Meadow Correctional Facility. *See supra* n.1.

## II. DISCUSSION

### A. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on "mere allegations or denials" of the facts submitted by the movant. FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282,

287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) and *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

### B. Plaintiff's Claim against the New York State Division of Parole

Plaintiff's claim against the Division of Parole is barred by the Eleventh Amendment to the

United States Constitution.  The Eleventh Amendment states "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI.  The Eleventh Amendment bars a suit against the state or one of its agencies in federal court unless the state consents to being sued or Congress legislatively overrides a state's immunity.  *Huang v. Johnson*, 251 F.3d 65, 69 (2d Cir. 2000) (citation omitted); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Because the Division of Parole is an agency of New York State, *see* N.Y. EXEC. LAW § 259, it is immune from suit.  Therefore, Plaintiff's claim against the Division of Parole should be **dismissed**.

### C.  Plaintiff's Claims Against Brock

Plaintiff states in his Complaint that Defendant Brock improperly threatened him upon his release on parole, and that such "threat caused me to flee after I got discharged from the [drug/alcohol] program because I knew that trying to talk to her and explain myself would be futile."  Compl. at ¶ 7.  To the extent that Plaintiff is challenging his parole revocation, that claim is barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In that case, the Supreme court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for any other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid . . ., or called into question by a federal court's issuance of a writ of habeas corpus . . . ."  *Heck v. Humphrey*, 512 U.S. at 486-87.  This procedural bar has become known as the "favorable termination rule."  *See McEachin v. Selsky*, 225 Fed. Appx. 36, 37 (2d Cir. 2007).

Thus, a court must consider if a judgment in favor of a plaintiff "would imply the validity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. If there is no such implication, then the action should proceed. *Id.*

In the case at bar, there is no evidence on the record that Plaintiff's parole revocation and assessment of twelve months' delinquent time has been overturned or invalidated by any tribunal. Thus, to the extent Plaintiff intended to challenge the validity of his parole revocation, that claim should be **dismissed**. To the extent Plaintiff is not challenging his parole revocation and is seeking damages based on Brock's alleged threats, that claim is also meritless and should be **dismissed.** *Moncrieffe v. Witbeck*, 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000) ("[T]hreats do not amount to violations of constitutional rights.") (internal citation and quotation marks omitted).

Plaintiff also claims that Brock improperly disclosed the fact of plaintiff's participation in the drug/alcohol treatment program to third parties, and similarly that Brock defamed Plaintiff by telling third parties that he was a sexual pervert and was kicked out of the drug/alcohol program because he performed lewd acts. *Id.* These claims are also without merit.

In order to state a claim of defamation under § 1983, a Plaintiff must establish (1) that the statements at issue were defamatory, and (2) that they deprived him of a liberty or a property interest. *See Cipolla v. County of Rensselaer*, 129 F. Supp. 2d 436, 448 (N.D.N.Y. 2001) (citing *Siegert v. Gilley*, 500 U.S. 226, 233 (1991)). Damage to one's reputation, by itself, is not actionable as a constitutional deprivation under § 1983. *See Paul v. Davis*, 424 U.S. 693, 708-09 (1976) (noting that "stigma" to reputation alone does not invoke the Due Process Clause). Because Plaintiff has not identified any other injury besides that concerning his reputation, it is recommended that this

claim be **dismissed**.

Finally, we address Plaintiff's claim that Brock wrongly disclosed his participation in a drug/alcohol treatment plan to third parties, thereby violating his federal privacy rights. Although there is no specifically articulated right to privacy anywhere in the Constitution, the Supreme Court has held that such a right is implicit in the Fourteenth Amendment's[2] protection of personal liberty, and such right includes the "individual interest in avoiding disclosure of personal matters." *Whalen v. Roe,* 429 U.S. 589, 598-99 (1977) (quoted in *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999)); *see also Nixon v. Admin. of Gen. Servs.*, 433 U.S. 425, 457 (1977). However, we can find no authority, and Plaintiff has identified none, for the proposition that disclosure of a parolee's obligation to participate in a rehabilitation program constitutes a violation of the Fourteenth Amendment.

Although there is a dearth of cases in this Circuit concerning the privacy rights of parolees, the Second Circuit Court of Appeals ruled in *Powell v. Schriver* that in the prison context, a transsexual inmate had a privacy interest in maintaining the confidentiality of her condition, but that such privacy interest must be balanced against "reasonably related penological interests." 175 F.3d 107, 111-12 (2d Cir. 1999). Although it is unclear, based on current precedents, what types of disclosures of personal information are sensitive and potentially damaging enough to trigger the protection of the Fourteenth Amendment for a parolee, Plaintiff's alleged privacy interest related to his participation in a parole-mandated drug/alcohol rehabilitation program is a far cry from the type of personal information that has been held worthy of constitutional protection in different contexts. *See id.* (transsexual inmate); *see also Doe v. City of New York*, 15 F.3d 264 (2d Cir. 1994)

---

[2] We note that the right to privacy has been "variously said to be derived from the First, Fourth, Fifth, and Fourteenth Amendments." *In re McVane*, 44 F.3d 1127, 1136 (2d Cir. 1995).

(unnecessary disclosure that the plaintiff was infected with the HIV virus implicated federal privacy rights). The Second Circuit has stated that the "interest in the privacy of medical information will vary with the condition." *Powell v. Schriver*, 175 F.3d at 111. Bypassing the issue of whether the fact of one's **participation** in a drug/alcohol rehabilitation program constitutes "medical information," such a fact, without any inclusion of medical records related to one's treatment or particular health status, is not the type of "deeply personal" information that is protected by the Fourteenth Amendment. *Khalfani v. Sec'y, Dep't of Veterans Affairs*, 1999 WL 138247, at *6 (E.D.N.Y. Mar. 10, 1999) (distinguishing between "deeply personal" and "mundane" medical information). Rather, given the mandatory and common nature of Plaintiff's participation in the rehabilitation program as a parolee, we find that he has not established that he possessed a constitutional interest in maintaining the confidentiality of his participation in that program. *Cf. Pena v. Travis*, 2002 WL 31886175, at *14 (S.D.N.Y. Dec. 27, 2002) (disclosure of a parolee's *medical evaluation* stated a cause of action under the Fourteenth Amendment).

### D.  Qualified Immunity

Even if we were to find that Plaintiff had a constitutionally protected privacy interest, we would still recommend that his privacy claim be dismissed under the doctrine of qualified immunity.

Qualified immunity shields "government officials from liability for civil damages when their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *African Trade & Info. Center, Inc. v. Abromaitis*, 294 F.3d 355, 359 (2d Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Mollica v. Volker*, 229 F.3d 366, 370 (2d Cir. 2000). This also applies "insofar as it was objectively reasonable for [the government officials] to believe that their acts did not violate those rights." *Mollica v. Volker*, 229

F.3d at 370 (internal quotation marks and citations omitted); *see also Anderson v. Creighton*, 483 U.S. 635, 641 (1987). The objectively reasonable test will be met "'if [officials] of reasonable competence could disagree' on the legality of the defendant's actions." *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (further citation omitted)). Accordingly, "[i]f a reasonable officer could have believed that the challenged conduct was lawful at the time of the violation, then qualified immunity bars the claim." *Sira v. Morton*, 380 F.3d at 69 (citing *Saucier v. Katz,* 533 U.S. at 202 & *Luna v. Pico,* 356 F.3d 481, 490 (2d Cir. 2004)).

In order for the constitutional right to be clearly established, three elements must be met: "1) . . . [that] the right in question [be] defined with reasonable specificity; 2) [that] the decisional law of the Supreme Court and applicable circuit court support the existence of the right in question; and 3) [that] under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful." *Mollica*, 229 F.3d at 371 (internal quotation marks and citations omitted) (alterations in original).

As indicated in our discussion above, the extent of the right to privacy of personal information as protected under the Fourteenth Amendment, much like the constitutional underpinnings of the right itself, is at best unclear. Furthermore, the privacy rights of parolees in particular are even more ambiguous. Thus, we cannot say that a parole officer should have known that disclosing the fact of an inmate's participation in a drug/alcohol rehabilitation program constitutes a constitutional violation of that parolee's privacy rights. *See Webb v. Goldstein*, 117 F. Supp. 2d 289, 300 (E.D.N.Y. 2000) (finding qualified immunity applied to plaintiff's claim that his prison medical records were unconstitutionally disclosed to third parties without his permission).

Therefore, it is recommended that Plaintiff's claims be **dismissed**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 17) be **granted**, and that Plaintiff's Complaint (Dkt. No. 1) be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiff at both the Great Meadow and Downstate Correctional Facilities, and upon all other parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).


Date:   August 21, 2008
        Albany, New York


RANDOLPH F. TREECE
United States Magistrate Judge

*-11-*